IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00094-CR

 

John Benjamin Pool,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 13th District Court

Navarro County, Texas

Trial Court # 28,571

 



DISSENTING Opinion



 

 








          A
citizen reports a contraband drug manufacturing lab.  Officers go to investigate.  The officer that goes to the door is met by a
man and a “chemical” smell.  One of the
officers prepares an affidavit which contains this information plus additional
information.  The affidavit is presented
to a magistrate.  A search warrant is
issued.  The house is searched.  A meth lab is seized.  The man is charged.  The man is convicted.

          When
you boil it all down to its essentials, that is what is presented in this
case.  You can embellish it.  You can identify certain things that could
have been done better.  You can identify
some things that did not need to be done. 
You may even be able to say some things that were done, were done
wrong.  But what really matters is that
an officer smelled the chemical odors generated by a meth lab coming from a
location which a citizen had reported was being used as a drub lab, and the
officer obtained a search warrant.  This
is not an unreasonable search and seizure in violation of the Fourth Amendment.

          The
analysis by the majority is the polar opposite of a proper application of the
standard of review, a review giving deference to the trial court’s
determination of probable cause. Swearingen
v. State, 143 S.W.3d 808, 811 (Tex. 2004); see
also Ornelas v. U.S., 517 U.S. 690, 698, 116 S.Ct. 1657, 134 L.Ed.2d 911
(1996); Illinois v. Gates, 462 U.S. 213, 234-37, 103 S.Ct. 2317, 76 L.Ed.2d 527
(1983).  I may have even been misguided
into such an elemental analysis in the past. 
But here, in this case, it is apparent that a review of a search
warrant, and giving appropriate deference to the trial court, is not done the
way the majority has performed it.  Our
review is not performed by an analysis of each phrase and giving it weight in favor
of the issuance of the warrant or not. 
Done in this fashion, things that are each individually legal would
never add up to probable cause.  How many
times have we been told that things that are legal, when reviewed in context of
the situation in which they occur, may lead a person to the conclusion that
there is a reasonable basis upon which to conclude that illegal activity is
occurring?  This is particularly true of
the observations by trained law enforcement officers, and even more so of those
working with a specialization in contraband drug manufacturing.

          If
we step back from an over-analysis of the details of the affidavit, it is
entirely logical for a magistrate to conclude that illegal activity related to
the manufacture of drugs was occurring at the location.  We sit in our offices, pouring over case
books and briefs for hours to conduct this review.  In the real world, the one where this
decision was made, officers waited around a house they suspect contains a meth
lab.  No officer knows, and the
magistrate certainly does not know, whether the lab, if any, was left cooking,
or whether it was stabilized and/or stopped before the people exited the house.

          We
make the classic mistake of taking the affidavit apart one sentence, one
phrase, one word at a time.  That is not
what it means to conduct a deferential review of a magistrate’s determination
of probable cause.

          Thus,
this case is not as complex as the court makes it.  The legal issue presented is whether there
was probable cause upon which to base the issuance of the search warrant.  The only factor which adds any complexity is
that the defendant is arguing that some of the information included in the
affidavit was illegally obtained and therefore could not properly be included
in the affidavit to obtain the search warrant. 
The first, simple, and direct analysis is to remove from the affidavit
the challenged information and determine whether what remains would support the
issuance of the warrant.  See Castillo
v. State, 818 S.W.2d 803, 805 (Tex. Crim. App. 1991).  I would hold that it would, affirm the trial
court’s denial of the motion to suppress the evidence, and affirm the
conviction.  Because the Court reverses
the judgment of conviction, I respectfully dissent.[1]

 

                                                                   TOM
GRAY

                                                                   Chief
Justice

 

 

Dissenting
opinion delivered and filed December 15, 2004

Publish

 











[1]
There is little doubt that on another day I will have to revisit the expansive
discussion on other issues, including further analysis of the standard of
review.  But I will conserve my resources
until those issues could make the difference in a particular case.  In this one, they should not.